# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTERFORM INCORPORATED, | § § | LEAD CASE NO. 2:13-CV-281-JRG |
| v. | § § | Case No: 2:13-CV-296 |
| STAPLES INC., *et al.*, | § § | Case No: 2:13-CV-297 |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for Exceptional Case Determination and Attorneys' Fees and Costs (Dkt. No. 79) ("Mot.") filed by Defendants Target Corporation, Staples Inc., and MEGA Brands America, Inc. (collectively, "Defendants"). Plaintiff InterForm Incorporated ("InterForm") opposes the motion. Also before the Court is Interform's Opposition to Defendant MEGA Brands' Proposed Bill of Costs (Dkt. No. 82). MEGA Brands filed a response to Interform's Opposition and a Cross-Motion for Extension of Time to File its Proposed Bill of Costs (Dkt. No. 83).

The Court, having reviewed the Parties' briefing and the evidence in light of the applicable law, finds, for the reasons stated below, that Defendants' motion (Dkt. No. 79) should be **DENIED** and MEGA Brands' Cross-Motion for Extension of Time to File its Proposed Bill of Costs (Dkt. No. 83) should be **GRANTED**.

## I. DEFENDANTS' § 285 MOTION

### APPLICABLE LAW

"A court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). *See also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("[T]he determination

whether a case is 'exceptional' under § 285 is a matter of discretion."). "After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate," which is within the Court's discretion. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (citations omitted). An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756.

**DISCUSSION**

Defendants' motion asks the Court to find that InterForm's conduct in this case was exceptional under 35 U.S.C. § 285 and award Defendants reasonable attorney's fees and costs. Defendants' motion essentially presents the following question to the Court: Did InterForm's conduct in this case amount to litigation misconduct that rises to the level of an "exceptional case"?

As an initial matter, this Court previously noted in its October 20, 2014 Order Granting Plaintiff's Opposed Motion to Dismiss (Dkt. No. 76) that the Court did not observe anything exceptional about the Parties' conduct in the 18 months of active litigation. In granting the opposed motion to dismiss, this Court also declared the Defendants the prevailing party and awarded them their costs.

The following timeline of undisputed events, which came to light shortly before Defendants' dismissals, is relevant background to the issue at hand:

- In March of 2013, Dr. Benjamin Kwitek, InterForm's principal, performed a series of tests on various pens made by Defendants. (*See* Spreadsheet Containing Shore A Durometer Testing Data for Pen Products ("Testing Spreadsheet"), Dkt. No. 79-9, at InterForm005616-InterForm005618). Dr. Kwitek recorded the

results of these tests on a piece of scrap paper. (*See* Excerpts from October 2, 2014 Deposition of Dr. Kwitek ("Kwitek Depo."), Dkt. No. 79-14, at 115:2-6). Dr. Kwitek then averaged the results from the tests and entered the average results in an electronic spreadsheet. (*See id.* at 115:15-16). The scrap paper itself was destroyed. (*See id.* at 116:-19-25).

- In April of 2013, InterForm filed the present (consolidated lead) case and its member cases against Defendants.

- In November of 2013, Dr. Kwitek once again performed a series of tests on pens made by at least two Defendants. (*See* Testing Spreadsheet, at InterForm005618). Again, Dr. Kwitek recorded the results of the tests on a piece of scrap paper. Dr. Kwitek again averaged the results from the tests and entered the average results in to an electronic spreadsheet. The scrap paper itself was also destroyed. (*See* Kwitek Depo., at 214:13-22, 296:9-15).

**Did InterForm's conduct amount to litigation misconduct?**

Defendants argue that this case should be declared "exceptional" for essentially two reasons: 1) "objectively unreasonable" infringement allegations; and 2) inadequate pre-suit investigation. First, Defendants argue that InterForm's infringement allegations against Defendants were "objectively unreasonable" and that InterForm "never had a basis for its claims." (Mot. at 1). In particular, Defendants point to the destruction of the raw testing data by Dr. Kwitek (as discussed above) as proof that InterForm "knew [that Defendants' products] did not meet the express claim limitations" of the asserted claims. (*Id.* at 11). Defendants argue that InterForm's plan, from the beginning, was to "file suit to obtain a quick settlement, and dismiss the case if it would need to prove anything." (*Id.* at 1). Defendants also argue that InterForm's

dismissal soon after Dr. Kwitek's deposition "underscore[s] that [InterForm] indeed lacked any good faith basis to allege infringement against [Defendants]." (Defendants' Reply in Support of Motion for Exception Case Determination and Attorneys' Fees and Costs ("Repl."), Dkt. No. 86, at 4). Finally, Defendants argue that Plaintiff's infringement positions in regards to a particular claim term, "gripping portion," were objectively unreasonable. (Mot. 13–14).

InterForm first admits that "Dr. Kwitek technically probably should have preserved [his testing results]." (Plaintiff's Response to Defendants' Motion for Exceptional Case Determination and Attorneys' Fees and Costs ("Resp."), Dkt. No. 85, at 12). However, InterForm responds that the destroyed evidence was "irrelevant" because "the final results were properly recorded and produced." (*Id.*). InterForm also argues that Dr. Kwitek properly followed testing protocol in accordance with ASTM International Standard Designation D2240 (Reapproved 2010): Standard Test Method for Rubber Property-Durometer Hardness (ASTM Protocol), which only requires an "average of the five readings [of the testing tool]" and does not require that the individual testing results be recorded. (*Id.*). InterForm argues that "[i]f Dr. Kwitek's intention was to hide data, he would have lied in his deposition rather than freely admitting what he had done." (*Id.*). Finally, in response to Defendants' arguments regarding Plaintiff's infringement contentions, InterForm responds by claiming Defendants' arguments regarding the "gripping portion" were previously addressed in this Court's claim construction order. (*Id.* at 6–8).

Second, Defendants also complain that neither InterForm nor InterForm's counsel performed an adequate pre-suit investigation. (Mot. at 11-13.) Specifically, Defendants argue that InterForm did not adequately investigate the infringement claims because Dr. Kwitek did not test every type of Target pen accused of infringement. (*Id.* at 11). Defendants also claim that

InterForm's counsel did not conduct its own investigation but instead, blindly relied on Dr. Kwitek's investigation. (*Id.* at 12).

InterForm responds by first arguing that the testing of some Target pens was performed and that the testing of each and every Target pen was unnecessary because the Target pens all share the same "The Product ID." (Resp. 9 n.4). Second, InterForm claims that Defendants' arguments regarding the lack of pre-suit investigation "collapse[] solely to an assertion that pre-suit obligations were not met by relying on the Shore A testing results of Dr. Kwitek." (*Id.* at 9). InterForm argues that though it may have relied on Dr. Kwitek's tests—which the parties do not dispute that Dr. Kwitek was qualified to perform—for whether one particular element was met, InterForm's counsel otherwise performed a claim-by-claim and element-by-element analysis of the infringing products. (*Id.* at 8 n.3).

The Court notes that Counsel has a "duty to preserve evidence [that] begins once litigation is 'pending or reasonably foreseeable.'" *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011). That duty may not have been fulfilled in this case. However, it is unclear from the record how prejudicial the destruction of Dr. Kwitek's raw testing data might have been. There is no clear evidence that Dr. Kwitek miscalculated or fabricated the averages provided in his spreadsheet. For example, though this particular limitation was independently testable, no Defendants, other than Staples, provided any alternative testing results.[1] As presented, the Court does not find the destruction of the raw testing data, by itself, is sufficient to convert an otherwise unexceptional case into an exceptional one. Additionally, the present case was still at a relatively early stage when it was dismissed. Had this case gone on further, the

---

[1] Notably, the test reports provided by Staples, like Dr. Kwitek's chart, generally do not provide the individual readings for each test. *See, e.g.*, October 26, 2010 Staples CQMP Test Report for the Staples Retractable Red Ink Pen, Item No. 18688-CC (Dkt. No. 79-24), at STAPLES00000607.

parties could have fully raised and briefed the spoliation issue rather than addressing it tangentially as done here. Then, if the Court determined that spoliation had occurred after examination of the full record, the Court could have addressed the misconduct, to the extent any existed, with an appropriate penalty. It is unlikely, however, that the individual actions of Dr. Kwitek identified by Defendants would have resulted in an involuntary dismissal. *See id.* at 1328 ("Dismissal is a harsh sanction, to be imposed only in particularly egregious situations where a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings.") (citations and quotations omitted).

Finally, it does not appear that Plaintiff's counsel failed to meet their pre-suit investigation obligations. Plaintiff's counsel performed a claim-by-claim and element-by-element analysis of the infringing products and relied on Dr. Kwitek, an individual experienced in performing these tests, for a single limitation. It also does not appear that Plaintiff's claim construction or infringement positions were wholly unreasonable, as argued by Defendants.

Considering the totality of the circumstances, the Court finds that Defendants have not demonstrated by a preponderance of evidence that the case stands out from others with respect to litigation misconduct by the Plaintiff so as to be deemed exceptional. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014).

## II. INTERFORM'S OPPOSITION TO MEGA BRANDS' BILL OF COSTS

On October 20, 2014, the Court entered final judgment in this action. On November 4, 2014, fifteen days after judgment was entered and one day after all bill of costs were due in this case, MEGA Brands filed its Proposed Bill of Costs. Interform objects to MEGA Brands' proposed bill of costs as untimely and requests that the Court deny any costs to MEGA Brands. (Dkt. No. 82, at 2). After review of the circumstances, the Court finds that, in this particular case, the delay of one day was "excusable neglect." *See Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Therefore, Interform's arguments are rejected and MEGA Brands' Cross-Motion for Extension of Time to File its Proposed Bill of Costs is **GRANTED**.

## CONCLUSION

For the reasons discussed, above the Court **DENIES** Defendants' Motion for Exceptional Case Determination and Attorneys' Fees and Costs (Dkt. No. 79). Further, the Court **GRANTS** MEGA Brands' Cross-Motion for Extension of Time to File its Proposed Bill of Costs (Dkt. No. 83). Accordingly, the Court **ORDERS** the following:

- As the prevailing party, Defendant Staples, Inc. is awarded taxable costs in the amount of $5,007.70;
- As the prevailing party, Defendant Target Corporation is awarded taxable costs in the amount of $3,958.98; and
- As the prevailing party, Defendant MEGA Brands America Inc. is awarded taxable costs in the amount of $3,307.20.

All other relief sought in the matters expressly retained by the Court in its Order of Dismissal and identified above is **DENIED**.

**So ORDERED and SIGNED this 28th day of July, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE